**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2570**

MOUNTAINEER COAL DEVELOPMENT COMPANY, INCORPORATED; WEST VIRGINIA CWP FUND,

      Petitioners,

        v.

LARRY A. DINGESS; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

      Respondents.

On Petition for Review of an Order of the Benefits Review Board. (12-0034-BLA)

Submitted: July 31, 2013        Decided: August 30, 2013

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mark J. Grigoraci, ROBINSON & MCELWEE PLLC, Charleston, West Virginia, for Petitioners. Otis R. Mann, Jr., LAW OFFICE OF OTIS R. MANN, JR., Charleston, West Virginia; M. Patricia Smith, Solicitor of Labor, Rae Ellen James, Deputy Solicitor, Gary K. Stearman, Helen H. Cox, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mountaineer Coal Development Company ("Employer") petitions for review of the Benefits Review Board's ("Board") decision and order affirming the Administrative Law Judge's ("ALJ") award of benefits to Larry A. Dingess under the Black Lung Benefits Act ("Act"), 30 U.S.C.A. §§ 901-945 (West 2007 & Supp. 2013). We deny the petition for review.

We review the Board's and the ALJ's legal conclusions de novo and "independent[ly] review . . . the record to determine whether the ALJ's findings of fact were supported by substantial evidence." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (internal quotation marks omitted). "'Substantial evidence is more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In conducting this review, we confine ourselves to the grounds on which the Board based its decision. Daniels Co. v. Mitchell, 479 F.3d 321, 329 (4th Cir. 2007).

Subject to the substantial evidence requirement, we defer to the ALJ's credibility determinations and "evaluation of the proper weight to accord conflicting medical opinions." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks

2

omitted). The ALJ is not bound to accept any medical expert opinion but "must evaluate the evidence, weigh it, and draw his own conclusions," giving consideration to "the qualifications of the experts, the opinions' reasoning, their reliance on objectively determinable symptoms and established science, their detail of analysis, and their freedom from irrelevant distractions and prejudices." Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949, 951 (4th Cir. 1997), superseded on other grounds as stated in Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Programs, 480 F.3d 278, 287 (4th Cir. 2007).

Because Dingess was employed in underground coal mines for fifteen or more years, had at least one chest x-ray interpreted as negative for complicated pneumoconiosis, and demonstrated that he has a totally disabling pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis.[*] See 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a) (2013). The burden then shifted to Employer to affirmatively "rebut such presumption only by establishing that (A) such miner does not . . . have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with,

---

[*] This presumption was restored by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010).

3

employment in a coal mine." 30 U.S.C.A. § 921(c)(4); see 20 C.F.R. § 718.305(a); Morrison v. Tenn. Consol. Coal Co., 644 F.3d 473, 479-80 (6th Cir. 2011). Upon review of the evidence submitted in this case, we conclude that substantial evidence supports the ALJ's finding that Employer failed to affirmatively rebut the presumption. See 20 C.F.R. § 718.201(a)(2); Harman Mining Co., 678 F.3d at 311. Thus, the ALJ did not err in awarding benefits under the Act.

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4